UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CHARLES DEGNAN and SUSAN RICCI          :
DEGNAN,                                 :
              Plaintiffs,     :
                                                 :      **ORDER**
v.                                      :
                                                 :      22 CV 8681 (VB)
WHEELABRATOR WESTCHESTER, L.P.,         :
and HELFRICH BROTHERS WORKS, INC.,      :
              Defendants.     :
--------------------------------------------------------------x

       Defendant Helfrich Brothers Works, Inc. ("Helfrich"), removed this action from Supreme Court, Westchester County, on October 12, 2022. (Doc. #1). Helfrich asserts that removal is proper because complete diversity of citizenship exists between the parties and the amount in controversy is over $75,000.

       To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Specifically, 28 U.S.C. § 1332(a)(1) applies when the dispute is between "citizens of different States."

       "[A] corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010).

       A limited partnership has the citizenship of each of its general and limited partners. Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000).

       Here, the notice of removal states plaintiffs are citizens of Rhode Island and Helfrich is incorporated in Massachusetts with a principal place of business in Massachusetts. However, the notice of removal fails to identify the citizenship of defendant Wheelabrator Westchester L.P. ("Wheelabrator"). The notice of removal also does not state whether Wheelabrator has been served in the state action and consents to removal. See 28 U.S.C. § 1446(b)(2)(A).

       As a separate matter, under 28 U.S.C. § 1441(b)(2), an action otherwise removable based on diversity of citizenship is not removable if any properly joined and served defendant is a citizen of the state in which the action is brought. The complaint in the state court action alleges Wheelabrator is "a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located" in New York. (Doc. #1-3 ¶ 2). Neither the complaint nor the notice of removal identifies Wheelabrator's partners, or their citizenships, as required to determine the citizenship of Wheelabrator. However, if it turns out Wheelabrator is a citizen of New York, the action is not removable.

Accordingly, by October 21, 2022, Helfrich shall submit a letter clarifying Wheelabrator's citizenship and whether Wheelabrator consents to removal so the Court can determine whether there is complete diversity in this case and whether the case was properly removed.

Dated: October 14, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge